1837.

MONK
*v.*
HARPER.

Monk, by her next frend *v.* Harper and others.

Where a wrong in relation to a literary work has been already committed, but there is no claim of copyright set up, and the bill does not ask for an injunction, the party must be left to pursue an action at law for damages. And where stereotype plates connected with such work have been wrongfully possessed, the remedy is exclusively at law by *trover* or *replevin*.

Bill for discovery and account against the defendants as booksellers and publishers.

The cause came up on a demurrer.

The bill was filed by Maria Monk, a minor, through her next friend John I. Slocum, and it showed that she was the authoress of a work which she had intended to style, "The Hotel Dieu Nunnery unveiled, illustrating the character and conduct of Priests and Nuns at Montreal;" that a copyright, under the said title, had been taken out by one George Bourne, as the complainant believed for her benefit; that about the time the said copyright was taken out, the complainant caused stereotype plates for the said work to be cast for printing the same, and they had been, in whole or in part, paid for by her or with money belonging to her and that she was liable for any balance unpaid. That, after the copyright had been so taken out, the said plates got into the possession of the defendants, and they had published the work under the title of, "Awful Disclosures of Maria Monk, as exhibited in a narrative of her sufferings during a residence of five years as a Novice and two years as a Black Nun in the Hotel Dieu Nunnery at Montreal." That at the time of taking out the said copyright, and at the period of printing and publishing the work as aforesaid, she was a minor without legal guardian or advisers and had been born and educated in Canada, with no friends in the United States; and was entirely unacquainted with the modes of doing business; she believed that persons professing to be her friends had made some bargains for her in relation to the said work; that she understood some profitable agreement of that kind was made by the said George

*May* 16, 1837.

*Copyright. Jurisdiction.*

Bourne with Messrs. Dwight and Van Nostrand; that this was known to the defendants and yet they pretended to take out another copyright of the work under the name of "Awful Disclosures, &c." in the District of Massachusetts and published a large number of impressions from the plates and issued the book; and that they had large profits in their hands which belonged to the complainant. The prayer was: "And that the said James, John, Joseph W. and Fletcher Harper and each of them may make a full, fair and unequivocal statement and set forth all transactions and bargains that may have been made relative to the printing and publishing and sale of said work; and may be directed to assign, transfer and deliver over under oath to the guardian of your oratrix or into this honorable court all sums of money and all property of every kind and the evidences thereof that belong to your oratrix, with a full statement of all sales that may have been made of said work, with the amount received for the same. And that they may state and answer as to all matters charged in this bill to be known to them or either of them, with sufficient distinctness to enable this honorable court to understand and do that which, in equity, ought to be done." No application had been made for any injunction, nor was there a prayer for one in the bill.

The defendants gave the following as some causes of demurrer: that the complainant did not show herself to be a citizen entitled to take out a copyright; nor show a sufficient case for an account; nor did it appear that George Bourne, her supposed trustee, showed any copyright in himself for her; also that said Bourne should have been a party or a reason given why he was not; that if the said complainant had the sole copyright, a discovery might make the defendants liable for penalties; &c. &c.

Mr. *Emerson* and Mr. *Fessenden,* in support of the demurrer.

Mr. *Patten,* for the complainant.

*August* 21.     THE VICE-CHANCELLOR:—The bill does not seek the preventive remedy by injunction in order to protect the common

law right of the complainant as authoress, against the publication of her *MS.*, or the violation of any copyright secured to her or to any person for her use under the acts of congress. That this court would interfere in such a case cannot be denied; Jeremy's Eq. Jur. 317.

I consider it equally clear that where the object is to obtain redress for a wrong already committed—such as is alleged in this bill—such redress must be sought elsewhere. If, therefore, the complainant has any rights as authoress, either at common law or under acts of congress, and the defendants have encroached upon those rights by the publication of her book, she must sue them at law for damages. So, if they have possessed themselves of the stereotype plates which belong to her, an action of trover or replevin can be had. This court will not entertain a bill for the purpose of restoring to her the possession of such articles of property, or of compensating her in damages for the deprivation. Nor does this bill, in my opinion, make a case for an account against the defendants of the profits derived by them from the printing and publication and sale of the work. It does not show any privity of contract or dealing between the parties—no agreement expressed or implied by which the defendant can be held to account to the complainant for the profits of the work. It rather shows that, by fraud and wrong, the defendants obtained possession of the stereotype plates and, altering the title of the book to that of " Awful Disclosures, &c.," published it in defiance of her rights. If she has sustained loss by such conduct of the defendants, she must persuade a jury to give her compensation in a verdict of damages against them—when, perhaps, the merits of her " Awful Disclosures" and " Nunnery Unveiled" and the motives of those who have promoted and prompted the publication, will be duly considered.

Demurrer allowed; and bill dismissed, with costs to be paid by the next friend of the complainant.